Original
No. LD-98-007

KALIL'S CASE

June 6, 2001

*Anthony A. McManus*, of Dover, by brief and orally, for the committee on professional conduct.

*Upton, Sanders & Smith*, of Concord (*Russell F. Hilliard* on the brief and orally), for the respondent, Earl L. Kalil, Jr.

NADEAU, J. The Supreme Court Committee on Professional Conduct (committee) filed a petition with this court after a hearing requesting that the respondent, Earl L. Kalil, Jr., be suspended from the practice of law for a period of six months for violations of the Rules of Professional Conduct (the Rules). On March 10, 2000, we appointed a Judicial Referee (*Bean*, J.) to conduct a hearing on the committee's petition. After a hearing, the judicial referee filed a report upholding the findings of the committee, but recommending that the committee impose a "preferably private" censure of the respondent instead of suspension. We order the respondent suspended from the practice of law for three months.

This dispute arises out of events that occurred immediately after a contempt hearing in Superior Court (*Fauver*, J.) on December 3, 1997. The respondent appeared as counsel for a creditor seeking satisfaction of a judgment against a *pro se* individual. After the hearing, the respondent and the debtor had a conversation in the courthouse lobby during which the debtor stated that he intended to violate the court's order. The respondent replied that if the debtor did so, the respondent would "rip his face off." After the conversation, the parties sought an immediate hearing before the court during which the debtor relayed the conversation including the respondent's threat. The respondent twice denied that the conversation occurred or that he had threatened the debtor. After the court heard from a member of the bar who corroborated the debtor's version of the conversation, the respondent admitted that the conversation had taken place and that he had made the threat.

The respondent does not contest the committee's finding that he violated Rules 4.4, 3.3(a)(1), 8.4(c) and 8.4(a) by threatening an

unrepresented opposing party, by knowingly making a false statement of material fact to the court, and by engaging in conduct involving dishonesty and misrepresentation. Instead, he contends that a suspension from the practice of law is inappropriately harsh.

We have long recognized that a license to practice law imposes upon a practitioner certain moral obligations. In 1890, Chief Justice Charles Doe observed that attorneys are a class of individuals "to whose diligence, integrity, ability, and honor much is necessarily confided" and, therefore, whose "honesty, probity, and good demeanor" is ensured by oath. *Ricker's Petition*, 66 N.H. 207, 237, 240 (1890). He further commented that it is, therefore, an attorney's duty to avoid "any ill practice attended with fraud or corruption, and committed against the obvious rules of justice and honesty." *Id.* at 212.

These words are as relevant today as they were one hundred years ago. As officers of the court, attorneys "shall not knowingly . . . make a false statement of material fact . . . to a tribunal." N.H.R. PROF. CONDUCT 3.3(a)(1). The confidence of judges to rely with certainty upon the word of attorneys forms "the very bedrock" of our judicial system. *Bruzga's Case*, 145 N.H. 62, 71 (2000). Because "no single transgression reflects more negatively on the legal profession than a lie," it is the responsibility of every attorney at all times to be truthful. *Nardi's Case*, 142 N.H. 602, 606 (1998) (quotation omitted).

Every attorney admitted to practice law in this State takes an oath required under RSA 311:6 (Supp. 2000) in a public proceeding at the New Hampshire Supreme Court. This oath has been required of attorneys for over one hundred and fifty years. *See, e.g.*, RS 177:5 (1842). The oath begins: "You solemnly swear or affirm that you will do no falsehood, nor consent that any be done in the court . . . . " RSA 311:6.

The respondent failed to honor this obligation. Not only did he act unprofessionally by attempting to intimidate a *pro se* litigant outside the courtroom, he abandoned his oath by lying about his conduct when questioned by the judge. He later admitted both his misconduct and his lie, but only after being confronted with evidence of his misconduct from another attorney.

Although the respondent urges us to impose the less severe sanction of censure, which the judicial referee also recommends, the respondent's conduct in this case merits and requires a period of suspension from practice. In light of the respondent's twenty-five years of practice without discipline and his admission of and remorse for his conduct, we believe a three-month suspension will

adequately satisfy the several purposes of the Rules of Professional Conduct while recognizing the mitigating circumstances of this case. Accordingly, the respondent is suspended from the practice of law for three months and ordered to reimburse the committee for its expenses in investigating and prosecuting this case. *See* SUP. CT. R. 37(16). The suspension shall take effect on July 1, 2001. Nothwithstanding anything in Supreme Court Rule 37(12) to the contrary, the respondent shall be reinstated on October 1, 2001, without further order of this court.

*So ordered.*

BROCK, C.J., and BRODERICK, DALIANIS and DUGGAN, JJ., concurred.